# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| Michael K. Henderson,        )<br>                              )<br>         Plaintiff,           )<br>v.                            )<br>                              )<br>NCO Financial Systems, Inc., a corporation, )<br>NCO Holdings, Inc., a corporation,     )<br>NCO Group, Inc., a corporation, NCO    )<br>Portfolio Management, Inc., a corporation, )<br>and Mrs. Green, an individual,         )<br>                              )<br>         Defendants.          ) | **COMPLAINT**<br><br>**CIVIL ACTION NO.**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and invasions of the Plaintiff's right of privacy by the Defendants in their illegal efforts to collect a consumer debt.

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4.  The Plaintiff, Michael Keith Henderson, is a natural person who resides in the City of Huntsville, County of Madison, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

5. Defendant NCO Financial Systems, Inc., is a collection agency operating from an address of 507 Prudential Road, Horsham, PA 19044, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant NCO Group, Inc., is a collection agency operating from an address of 507 Prudential Road, Horsham, PA 19044, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant NCO Holdings, Inc., is a collection agency operating from an address of 507 Prudential Road, Horsham, PA 19044, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant NCO Portfolio Management, Inc., is a collection agency operating from an address of 507 Prudential Road, Horsham, PA 19044, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant Mrs. Green is a natural person employed by Defendant NCO Financial Systems, Inc. as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). The Plaintiff will specifically amend his complaint if and when the Defendant identified as Mrs. Green provides different information to him if the Defendant's name, Mrs. Green, is incorrect.

## FACTUAL ALLEGATIONS

10. Beginning on or around late September, 2008 and October, 2008, the Plaintiff received a series of harassing phone calls from the Defendants at his place of

employment. Specifically, Defendant Mrs. Green would continually call the Plaintiff at Grissom High School located in Huntsville, Alabama where the Plaintiff is a teacher. The Defendants would leave messages at the school requesting an urgent call back and would also attempt to get the Plaintiff out of class to take her call. The Defendants knew that the Plaintiff was a school teacher and that it was clearly known to be inconvenient to him when they continually called him at his place of employment since he was a school teacher and could not leave his students. Due the Defendants' insistence on the Plaintiff taking their calls, the Plaintiff would continually leave his class of students to take the phone calls of the Defendants. During many of these phone conversations, Defendant Mrs. Green would tell the Plaintiff that he owed over $1,300 and that it could immediately go to $1,600 if he did not do something in a hurry. The Plaintiff would continually explain to the Defendants that he lived on a tight school teacher's budget and that the only thing he could do was make a monthly payment arrangements. Defendant Mrs. Green told the Plaintiff that it would not work that way and that she would not accept it. The Defendant told the Plaintiff on a number of occasions that the only thing she could do was take the Plaintiff's bank account information and hold a check until October 24, 2008 while he tried to come up with the money. Defendant Mrs. Green further told the Plaintiff that he was to contact her back by October 24, 2008 if he did not want the check to go through or

a check for the entire amount would go to the Defendants' bank. She further stated to the Plaintiff that if he could not come up with the money by that time, that she would work out another arrangement with him. Out of complete fear and panic, the Plaintiff grudgingly gave the Defendants his bank account information. Over the next several days, the Plaintiff did all he could to amass the amount of money demanded by the Defendants and could not come up with that lump sum amount. On or about October 22, 2008, well before the self-imposed October 24, 2008 deadline imposed by the Defendants, the Plaintiff called Defendant Mrs. Green back and explained to her at that time that he could not get the money and that she was not to take any money from his bank account because it would cause him to bounce several checks. At that point, Defendant Mrs. Green screamed and yelled at the Plaintiff that the check was already en route to be processed and there was nothing she could do for him. Completely upset and panicked, the Plaintiff reminded Defendant Mrs. Green that she was the one who told him to call back by October 24, 2008 to tell her if he could not accommodate her demands and that it was only October 22, 2008, which was two days early. Defendant Mrs. Green continued to tell the Plaintiff that the check was already en route and that there was nothing she could do. The Plaintiff literally begged Defendant Mrs. Green to help him by stopping the check. He explained to her in great detail that he only had a few dollars in the bank and the check would bounce causing him to be in trouble.

4

Defendant Mrs. Green taunted the Plaintiff telling him, "you mean there is nothing you can do?" She advised him to borrow money from a friend or family member. She also told the Plaintiff to go to a payday advance company to get the money. The Plaintiff further explained to the Defendant that this would put him more in debt and he could not do that. He continued to beg and plead with her to stop the check and let him pay the Defendants monthly. Nothing worked at all and the Plaintiff got more and more panicked and upset and finally told Defendant Mrs. Green that he would simply stop payment on the check. Defendant Mrs. Green tauntingly told the Plaintiff to go ahead and do that and the Defendants would take action in another way. In desperation, the Plaintiff asked to speak with Defendant Mrs. Green's supervisor or someone who would work with him. At that point, Defendant Mrs. Green put the Plaintiff on hold and then came back shortly thereafter and said that the only thing that she could do was to take sixty five percent of the total amount immediately. The Plaintiff told the Defendant that he could not do that to which the Defendant replied that that was all she could do. The Plaintiff yet again asked the Defendant to stop payment on the check and allow him to pay two hundred dollars per month until the debt was paid off. At that point, Defendant Mrs. Green became very rude and unprofessional and taunted the Plaintiff stating, "now Mr. Henderson, you are a school teacher, I am sure that you are familiar with the decimal point system." Further upset at being belittled by the

5

Defendants, the Plaintiff again responded that he would like to work out a monthly payment with the Defendants at which point the Defendant Mrs. Green simply hung up the phone on him. Continually worried and upset, the Plaintiff tried to call back Defendant Mrs. Green several times but she would not answer the phone. The only thing he was able to do was to leave continual messages asking the Defendants not to let the check go to his bank and to please call him back. Unable to sleep that evening, the Plaintiff called back Defendant Mrs. Green the next day since it was still a day before she had told him the Defendants would seize the money from his account. The Plaintiff was then surprised when the Defendant Mrs. Green told him that her supervisor was able to stop the check and that all she could do was accept sixty five percent of the balance that he allegedly owed.  Over the next couple of days, the Plaintiff tried to work up a way to come up with the money demanded by the Defendants. He could not do so and then called back and spoke with Defendant Mrs. Green and asked her to please work out a way to allow him to pay this debt on a monthly basis. Defendant Mrs. Green continued to tell the Plaintiff that there was nothing she could do. At this point, the Plaintiff told Defendant Mrs. Green not to touch his bank account at all and that if she had any questions or anything to talk to him about to please call attorney Ron Sykstus and not to call the Plaintiff or to bother him any further. Defendant Mrs. Green asked if attorney Ron Sykstus was a lawyer to which the Plaintiff responded yes. Defendant

Mrs. Green then tauntingly asked the Plaintiff if he had retained this lawyer already and further asked him how he could afford a lawyer if he could not even pay this bill.

11. The conduct of Defendants NCO Financial Systems, Inc., NCO Group, Inc., NCO Holdings, Inc., NCO Portfolio Management, Inc. and Mrs. Green, in harassing Plaintiff Michael Keith Henderson in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c(a)(1), 1692c(a)(3), 1692d, 1692e, 1692e(2), 1692f(1), and 1692f(2) amongst others.

### *Summary*

12. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of privacy at the Plaintiff's work.

### TRIAL BY JURY

13. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P.38.

### CAUSES OF ACTION

### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 et seq.

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq.

16. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from each and every Defendant herein.

## COUNT II.

## INVASION OF THE RIGHT OF PRIVACY

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Defendants undertook and or directed a series of communications to the work place of the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were systematic

and continuous in number and made in disregard for the Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

19. Said invasions were intentional, willful, and malicious and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by various individuals who were employees of and acting on behalf of the named Defendants.

20. As a result of such invasions of the right of privacy, Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 et seq.

1. for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against each and every Defendant and for the Plaintiff;

2. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for the Plaintiff;

3. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against each and every Defendant and for the Plaintiff;

## COUNT II.

## INVASION OF THE RIGHT OF PRIVACY

4. for an award of compensatory and punitive damages from each and every Defendant for the physical sickness and emotional distress suffered as a result of FDCPA violations and invasions of the right of privacy in an amount to be determined at trial and for the Plaintiff; and

5. for such and other further relief as may be just and proper.

| Dated: December 8, 2008<br><br>HAYS CAULEY, P.C.<br><br><br>By:/s/Penny Hays Cauley<br>Penny Hays Cauley<br>P.O. Box 509<br>Darlington, South Carolina 29540<br>Telephone: (843) 393-5200<br>Facsimile: (843) 393-5202<br>Email: phc917@hayscauley.com<br>**Attorney for Plaintiff** | Respectfully submitted,<br><br>BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.<br><br>By:/s/Ronald C. Sykstus<br>Ronald C. Sykstus, Esq.<br>415 Church Street, Suite 100<br>Huntsville, Alabama 35801<br>Telephone:  (256) 539-9899<br>Direct Voice: (256) 713-0221<br>Facsimile: (256) 539-9895<br>Email: rsykstus@bondnbotes.com |
|---|---|
|  | **Attorney for Plaintiff** |